IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRADUATE MEDICAL EDUCATION DEVELOPMENT, LLC | §§§§§ | |
| Plaintiff, | §§ | |
| v. | §§§ | CIVIL ACTION No. 4:15-cv-02641 |
| ST. GEORGE'S UNIVERSITY, LTD; ST. GEORGE'S UNIVERSITY, LLC; ST. GEORGE'S UNIVERSITY SCHOOL OF MEDICINE, INC.; and UNIVERSITY SUPPORT SERVICES, LLC | §§§§§§§ | |
| Defendants | § | |

**DEFENDANTS' REPLY IN SUPPORT OF RULE 12(B)(6) DISMISSAL**

Dated: December 16, 2015

Respectfully submitted,

By: */s/ Charles S. Sims*
PROSKAUER ROSE LLP
Charles S. Sims*
11 Times Square
New York, NY 10036
Tel: (212) 969-3950
Fax: (212) 969-2900

OF COUNSEL:

*Admitted *pro hac vice*

PROSKAUER ROSE LLP
Milton Otto*
11 Times Square
New York, NY 10036
*Admitted *pro hac vice*

NORTON ROSE FULBRIGHT US LLP
Melanie B. Rother
State Bar No. 24041826
Federal I.D. No. 39164
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

NORTON ROSE FULBRIGHT US LLP
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
peter.tipps@nortonrosefulbright.com

Counsel for Defendants St. George's University, Ltd; St. George's University, LLC; St. George's University School of Medicine, Inc. and University Support Services, LLC

GMED's response to Defendants'[1] motion to dismiss ignores this Court's local procedures by improperly blowing past the 25-page limit requirement, devoting 44 pages defending against dismissal.[2] Those 44 pages do nothing to advance GMED's speculative lawsuit, which arises from a failed business relationship and results from sour grapes, not legally cognizable misconduct.  GMED's Complaint should be dismissed.

I.      **GMED Fails to State a Claim for Breach of Contract.**

        A.      **The non-NDA defendants are not bound by a contract they did not sign.**

It is indisputable that the non-NDA defendants did not sign the NDA.  It also is indisputable that the contractual definition of "parties" does not include the non-NDA defendants (GMED's 44-page response conveniently ignores this point entirely).  Therefore, under clear Texas law the non-NDA defendants are presumed to be distinct entities that cannot be bound by SGU Ltd's contract.  *See BMC Software Belgium v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002).

GMED attempts to circumvent this result by claiming that courts "will enforce an agreement against a contracting party's affiliates when the agreement incorporates those affiliates by reference."  Docket Entry No. 32 at p. 5.  GMED misunderstands incorporation by reference.  To bind a nonsignatory through incorporation by reference, a contract must refer to and incorporate a separate *writing* that serves to bind the nonsignatory.  *See Trico Marine Servs., Inc. v. Stewart & Stevenson Tech. Servs., Inc.*, 73 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding).  GMED fails to identify any writing signed by the non-NDA defendants that incorporates the terms of the NDA.  And ironically, in support of its claim that

---

[1] This reply adopts the party definitions used in the motion to dismiss.  *See* Docket Entry No. 25.
[2] Defendants filed its motion to dismiss with a single 25-page memorandum of law.  Plaintiffs had no leave from this Court to file two memoranda in opposition totaling 44 pages.  Defendants therefore moved on December 15 to strike Plaintiff's memoranda for violation of this Court's local procedures.  Given the five-day limit for reply and in view of the Court's local procedures that contemplate a 5-page reply to any memorandum of law in opposition (Procedures Rule 7.A), Defendants are filing a 5-page memorandum in reply to each of Plaintiff's oppositions.  If the Court strikes Plaintiff's excessive oppositions, Defendants will file, if requested, a single reply in compliance with the local procedures.

the non-NDA defendants can somehow be bound by a writing they did not sign and are not parties to, the one case that GMED cites did not involve application of the incorporation-by-reference theory and resulted in the same conclusion that should be reached here: dismissal of a breach of contract claim against nonsignatories.  *See Maxwell v. Neri North America* No. 4:13-cv-269, 2014 WL 2441200, at *3–4 (S.D. Tex. May 30, 2014).

**B.      SGU Ltd cannot be liable for breach of contract.**

To avoid dismissal of its claim against SGU Ltd, GMED asserts that Defendants ignored its non-circumvention claims and that ambiguities in the NDA foreclose 12(b)(6) dismissal.[3] GMED is wrong on both points.

First, GMED's "non-circumvention claims" must be dismissed because GMED's Complaint fails to identify its confidential information.  Docket Entry No. 25 at pp. 7–8.  This defect dooms GMED's disclosure *and* its non-circumvention claims.

Second, the NDA does not contain an ambiguity that saves GMED's breach claims. Although Defendants agree that "any first year law student knows" that an ambiguity in a contract generally presents a fact issue for a jury to decide, that first-year student also knows that an ambiguity exists only if a contract is susceptible to two or more *reasonable* interpretations.[4] *See Shriners Hosp. for Children v. McCarthy Bros. Co.*, 80 F. Supp.2d 707, 710 (S.D. Tex. 2000).  The NDA contains no ambiguity; it completely fails to identify the confidential information that Defendants allegedly disclosed to third parties.  GMED's breach of contract claim should be dismissed.

---

[3] GMED also asserts that Defendants must support their motion with "clear and convincing documentary evidence." Docket Entry No. 32 at p. 9.  The NDA does not alter the Federal Rule of Civil Procedure nor the Federal Rules of Evidence, and this attempt to avoid dismissal must be disregarded.

[4] Likewise, that student also should know that it is improper to provide extrinsic evidence under the guise that it is being offered purely for "illustrative purpose" and that it "should not be used" to convert Defendants' motion into a motion for summary judgment.  GMED requests that the Court not convert the motion to dismiss into a motion for summary judgment; GMED's "illustrative" evidence should be ignored.

## II. GMED Fails to Identify its Trade Secrets.

GMED's response actually underscores the speculative nature of its trade secret claim, and its attempt to distinguish adverse case law fails. For example, GMED glosses over a key aspect of *Lycoming Engines v. Superior Air Parts*, in which the court affirmed 12(b)(6) dismissal because the plaintiff (like GMED) failed to identify "*what* trade secrets" were misappropriated. *See* No. 3:13-cv-1162, 2014 WL 1976757, at *8 (S.D. Tex. May 15, 2014) (emphasis in original). GMED offers no response to the fact that 12(b)(6) dismissal is proper when a plaintiff fails to adequately allege the existence of a trade secret, and it takes the unbelievable position that *Technomedia International v. International Training Services* actually helps its case. *See* No. H-09-3013, 2010 WL 3545662 (S.D. Tex. Sept. 9, 2010). GMED claims that its allegations resemble the plaintiff's in *Technomedia*, who identified its trade secret as an

> "optional proprietary multi-language graphical user interface called the XMp that 'wraps around' the CBTs and a proprietary integrated learning solution ("ILS") that deploys the CBTs and XMp into an on-line training application for the training and management of oil and gas industry employees" and that it "developed and created both the ILS and XMp."

*Id.* at *3. In sharp contrast, GMED describes its trade secrets as a "turn-key method" and "student recruitment methodologies." Cmplt. ¶¶ 19, 22–23. GMED's comparison to *Technomedia* cannot be taken seriously and further supports dismissal.

Finally, GMED resorts to the NDA and cites boilerplate language commonly found in many NDAs that Defendants agreed that GMED's information (which it had not seen when the NDA was signed) was "special, unique and extraordinary." Of course, absent from the NDA is any statement that GMED's information is a "trade secret." These terms are not synonymous, and even if the information were confidential, it does not make the information a trade secret. *See T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 21–23 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd.

### III. GMED Fails to State a Claim for Tortious Interference.

GMED's response confirms that its tortious interference claim is based on a missed business meeting. GMED tries to save this claim by alleging that Defendants fraudulently induced GMED to invite Saudi Arabian officials to visit America, and that Defendants later interfered with their prospective business relationship by failing to attend the business meeting. Even if true, which Defendants vigorously deny, this claim must be dismissed because the act of interference (i.e., missing the meeting) is not an independent tort as required by the applicable case law. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 712 (Tex. 2001).

### IV. GMED Fails to State a Claim for Quantum Meruit and Unjust Enrichment.

GMED attempts to avoid the express-contract bar by claiming that the Federal Rules of Civil Procedure allow a plaintiff to plead in the alternative, yet it offers no response to the clear case law in this Circuit providing that a party may not circumvent the express-contract bar by pleading quantum meruit or unjust enrichment as alternatives to a breach of contract claim. *See* Docket Entry No. 25 at pp.15–16. The express-contract bar requires dismissal of these claims.[5]

### V. GMED Almost Concedes that its Fraud Claims Must be Dismissed.

The frailty of GMED's fraud claim is revealed in the response, which GMED begins by asserting the unremarkable proposition that Rule 9(b)'s particularity requirements are relaxed when establishing conditions of the mind, and then by proactively seeking an opportunity to re-plead. Docket Entry No. 32 at p. 18. And the meat of GMED's fraud response is no more persuasive. In it, GMED misunderstands Defendants' motion and claims that Defendants' "facial implausibility arguments" should be rejected. Docket Entry No. 32 at p. 19. Defendants

---

[5] The express-contract bar also precludes GMED's quantum meruit and unjust enrichment claims against the non-NDA defendants because all of GMED's claims arise from materials and information provided under the NDA. *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

- 4 -

are not taking the position that the few bare-bones statements identified in the Complaint are factually implausible. Instead, they do not amount to fraud (even if true). GMED offers no response to this or to any of Defendants' fraud arguments. It wholly ignores the "who, what, when, where, and how" pleading requirements, and it completely fails to explain how any of the specific statements identified in the Complaint amount to fraud.

## VI. GMED Cannot Recover Attorney's Fees or Exemplary Damages.

GMED tacitly concedes that Chapter 38 of the Texas Civil Practice and Remedies Code does not authorize recovery of attorney's fees from SGU Ltd, SGU LLC, and University Support Services, LLC. And while GMED claims an entitlement to attorney's fees from SGU Inc., that argument ignores that SGU Inc. cannot be liable for attorney's fees because it is a nonsignatory to the NDA. *See Colonial Am. Cas. & Sur. Co. v. Scherer*, 214 S.W.3d 725, 735 (Tex. App.—Austin 2007, no pet.). The only remaining bases for recovery of attorney's fees and exemplary damages (CPRC §§ 41.003(a) and 134A.005) must be dismissed with GMED's fraud and trade secret claims.

## VII. GMED Provides No Support for Imposing Liability on SGU Ltd's Affiliates.

Finally, GMED does not even try to support its conclusory allegations of vicarious liability, aiding and abetting, conspiracy, or piercing of the corporate veil. Thus, for the reasons stated in Defendants' motion, these claims must be dismissed.

## CONCLUSION & PRAYER

GMED's 44-page response fails to provide a basis to avoid dismissal of the baseless allegations contained in its Complaint. For the reasons stated in Defendants' motion to dismiss and this reply, the Complaint should be dismissed.

Dated: December 16, 2015 	Respectfully submitted,

By:  */s/  Charles S. Sims*
PROSKAUER ROSE LLP
Charles S. Sims*
11 Times Square
New York, NY 10036
Tel: (212) 969-3950
Fax: (212) 969-2900
CSims@proskauer.com
*Admitted *pro hac vice*

NORTON ROSE FULBRIGHT US LLP
Melanie B. Rother
State Bar No. 24041826
Federal I.D. No. 39164
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246
melanie.rother@nortonrosefulbright.com

Counsel for Defendants St. George's University, Ltd; St. George's University, LLC; St. George's University School of Medicine, Inc. and University Support Services, LLC

OF COUNSEL:

PROSKAUER ROSE LLP
Milton Otto*
11 Times Square
New York, NY 10036
MOtto@proskauer.com
*Admitted *pro hac vice*

NORTON ROSE FULBRIGHT US LLP
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
peter.tipps@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2015, a true and correct copy of the foregoing documents was filed using the Court's Electronic Filing System and that service on known Filing Users associated with this case will be accomplished via ECF.

By: */s/ Melanie B. Rother*
Melanie B. Rother