IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRADUATE MEDICAL EDUCATION DEVELOPMENT, LLC | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION No. 4:15-cv-02641 |
| ST. GEORGE'S UNIVERSITY, LTD; ST. GEORGE'S UNIVERSITY, LLC; ST. GEORGE'S UNIVERSITY SCHOOL OF MEDICINE, INC.; and UNIVERSITY SUPPORT SERVICES, LLC | § § § § § § § | |
| Defendants | § | |

**DEFENDANTS' REPLY IN SUPPORT OF RULE 12(B)(2) DISMISSAL**

Dated: December 16, 2015

Respectfully submitted,

By: */s/ Charles S. Sims*
PROSKAUER ROSE LLP
Charles S. Sims*
11 Times Square
New York, NY 10036
Tel: (212) 969-3950
Fax: (212) 969-2900

OF COUNSEL:

*Admitted *pro hac vice*

PROSKAUER ROSE LLP
Milton Otto*
11 Times Square
New York, NY 10036
*Admitted *pro hac vice*

NORTON ROSE FULBRIGHT US LLP
Melanie B. Rother
State Bar No. 24041826
Federal I.D. No. 39164
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

NORTON ROSE FULBRIGHT US LLP
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
1301 McKinney, Suite 5100
Houston, Texas  77010-3095

Counsel for Defendants St. George's University, Ltd; St. George's University, LLC; St. George's University School of Medicine, Inc. and University Support Services, LLC

GMED's opposition ignores not only this Court's page limits and rules,[1] but also the plain meaning of the contract and governing jurisdictional law in an effort to multiply defendants where only SGU Ltd is subject to this Court's *in personam* jurisdiction.

GMED's assertion that the Court has *in personam* jurisdiction over the non-NDA defendants blatantly ignores the undisputed fact that those entities were not parties to the NDA and its forum selection clause.  Instead, GMED insists, irrelevantly, that if these entities had been transaction participants, then there would be various theories (alter-ego, veil-piercing, etc.) subjecting them to the Court's *in personam* jurisdiction.  But neither GMED's Complaint nor its response has offered adequate allegations supporting such a result: it has not alleged that it was deceived (to the contrary, it concedes that it knew of SGU Ltd's parent and affiliates); that it had meetings or communications with any of the U.S. entities; or that the U.S. entities were seeking GMED's help with recruitment or residencies for graduates of the medical school operated by SGU Ltd.  Because the non-NDA defendants had no contacts with Texas (and GMED alleges none), this Court lacks personal jurisdiction over these defendants.

I.      ONLY SGU LTD IS A PARTY TO AND BOUND BY THE NDA'S FORUM SELECTION CLAUSE

GMED conveniently ignores the plain language of the NDA.  Here, the parties expressly specified that *only* SGU Ltd was a party to the NDA, and *only* the parties to the NDA were bound by the forum selection clause.  The written agreement defines the "Parties" as only GMED and "SAINT GEORGES UNIVERSITY LIMITED, whose place of business is set forth on the signature page below ("SGU")."  Cmplt. Ex. A at 1.  A signature block is provided for only "SAINT GEORGE'S UNIVERSITY LIMITED" with an address of "University Centre,

---

[1] Defendants filed a single motion to dismiss with a single 25-page memorandum of law.  Because GMED had no leave of court to file two response, Defendants moved on December 15 to strike plaintiff's memoranda.  Given the five-day limit for reply, Defendants are filing a five-page memorandum in reply to each of plaintiff's oppositions.

- 1 -

Grenada, West Indies." *Id.* at 6.  The forum selection clause makes the same point, providing that "*Both parties* hereby consent," where "Both parties" are GMED and SGU Ltd.  *Id.* at 5.

Dr. Bagherpour's admission that "prior to entering the NDA, [he] became aware" that SGU Ltd was affiliated with the non-NDA defendants only proves the point.  Docket Entry No. 34-9, ¶ 5.  He clearly had the opportunity to seek agreements with those separate entities, to name them as parties to and include signature lines for them in the NDA when GMED drafted it, but did not do so.  His contention that "affiliated companies" are included in the definition of the term "Representatives" is true but irrelevant. It was only SGU Ltd that was bound by the NDA, that was obligated under the NDA to ensure that its "Representatives" did not cause any breach, and that consented to a forum in Harris County, Texas.

## II.     GMED'S THEORIES TO BIND NONSIGNATORIES ARE MERITLESS

Because GMED cannot reasonably claim that the non-NDA defendants are bound by the forum selection clause and has not alleged any specific factual allegations against the non-NDA defendants that would subject them to this Court's jurisdiction,[2] it urges this Court to impute jurisdiction on the non-NDA defendants through various and inapplicable theories.

First, GMED alleges that the non-NDA defendants are bound by the forum selection clause because they are "inextricably intertwined" with SGU Ltd.  The Fifth Circuit, however, has expressly held that this theory applies to bind only *signatories*, not *nonsignatories*, to a contract.  *Bridas S.A.P.I.C. v. Turkmenistan (Bridas I)*, 345 F.3d 347, 361 (5th Cir. 2003);

---

[2] The Complaint alleges no specific conduct by the any of the non-NDA defendants – they are only mentioned in paragraphs 8-10.  Instead, GMED attempts to bootstrap its own conclusory use of the plural term "Defendants" when it plainly is referring only to the alleged actions of individuals who represented SGU Ltd.  *See* Docket Entry No. 32 at p. 9 (citing Cmplt. ¶¶ 35, 37-47).  That is no substitute for factual allegations.  Corporate entities can only act through individuals, but it does not follow that any act by an individual with multiple affiliations subjects every affiliated entity to liability, *U.S. v. Bestfoods*, 524 U.S. 51, 69 (1998) ("[C]ourts generally presume that the directors are wearing their subsidiary hats and not their parent hats when acting for the subsidiary.") (internal quotations omitted), or, more importantly, to personal jurisdiction.  *Thomas v. Trico Prods. Corp*., 2006 U.S. Dist. LEXIS 2616, at *9-13 (S.D. Tex. Jan. 12, 2006) (citing *Bestfoods*).

*Compana LLC v. Mondial Assistance SAS*, 2008 WL 190522, at *4 (N.D. Tex. 2008) ("Because … a signatory of the Registration Agreement, is attempting to enforce the forum selection clause against … a non-signatory, this intertwined claims theory has no relevance to this case."). In fact, this Court has previously rejected many of the cases on which GMED relies for reaching the opposite (and incorrect) conclusion. *See Quicksilver Res., Inc. v. Eagle Drilling, LLC*, 792 F. Supp. 2d 948, 953 n.5 (S.D. Tex. 2011) (J. Miller, Gray) (finding *Manetti-Farrow*, *Harrison*, and *Tex. Source Group* "unpersuasive").[3]

Second, GMED's veil-piercing and alter ego theories fail. "A bedrock principle of corporate law is that 'a parent [entity] . . . is not liable for actions taken by its subsidiaries." *Bridas S.A.P.I.C. v. Government of Turkmenistan (Bridas II)*, 447 F.3d 411, 416 (5th Cir. 2006) (quoting *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998)); *see also Ahluwalia* v. SGU, 2015 U.S. App. LEXIS 16766 (2d Cir. 2015). "The alter ego doctrine, like all variations of piercing the corporate veil doctrine, is reserved for exceptional cases." *Bridas II*, 447 F.3d at 417. "The doctrine applies only if (1) the owner exercised complete control over the corporation with respect to the transaction at issue *and* (2) such control was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Bridas I*, 345 F.3d at 359. Further, a generic allegation of wrongdoing is insufficient. *Bridas II*, at 417.

There is nothing exceptional about this dispute between the two parties to the NDA: GMED does not allege that it suffered any fraud or wrong from the misuse of SGU Ltd's corporate form by its parent or affiliated companies. Indeed, Dr. Bagherpour admits that he was aware of SGU Ltd.'s affiliates prior to executing the NDA, clearly demonstrating that GMED

---

[3] GMED's single paragraph asserting direct-benefits estoppel also fails. Although it must, GMED has failed to show that the non-NDA defendants previously enforced provisions of the NDA or that they have knowingly exploited the NDA and received substantial and direct benefits as a result. *See Wood v. PennTex Resources, L.P.*, 458 F. Supp. 2d 355 (S.D. Tex. 2006) (discussing requirements for direct-benefits estoppel to bind nonsignatory).

was not misled or deceived in any way about the corporate form of the party with whom it contracted.  *See* Ellis Decl. Ex. I, ¶ 5*; see also U.S. v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 693 (5th Cir. 1985) ("If the creditor wants to be able to hold the parent liable for the subsidiary's debts, it can contract for this.  Unless the subsidiary misrepresents its financial condition to the creditor, the creditor should be bound by its decision to deal with the subsidiary. . . .").

Nor can GMED plausibly allege any failure to observe corporate formalities.  If anything, the unremarkable pile of documents submitted by GMED as exhibits to the Ellis Declaration serves only to establish that corporate formalities *were* observed.  *See also Ahluwalia v. St. George's University*, supra, at *2 ("The School's Eligibility and Certification Approval report issued by the U.S. Department of Education . . . shows that SGU LLC wholly owns another entity, St. George's University, Ltd. ("SGU Ltd."), which itself wholly owns the School.").

Even in its single-spaced, 3-page factual recitation of the contents of those exhibits, GMED completely fails to identify anything that would suffice as a basis for veil-piercing.  It does not bother to analyze the factors relevant to veil-piercing under Texas law, *see e.g. Licea v. Curacao Drydock Co.*, 2015 U.S. App. LEXIS 20319, at *9 (5th Cir. November 23, 2015), and it makes no attempt to articulate a "plus factor" that is "something beyond the subsidiary's mere presence within the bosom of the corporate family," *id.*, and instead imposes upon the Court to "peruse the exhibits referenced in Section I of this response."  Docket Entry No. 32 at 14.  The connections identified by GMED between the non-NDA defendants and SGU Ltd do not come close to meeting the test articulated in the case law it ignored.  *See, e.g.*, *Licea*, 2015 U.S. App. LEXIS 20319 at *9 ("[a] subsidiary corporation will not be regarded as the alter ego of its parent merely because of stock ownership, a duplication of some or all of the directors or officers, or an exercise of the control that stock ownership gives to stockholders.").

Finally, GMED has not alleged that SGU Ltd, standing alone, is unable to satisfy a potential award of damages and thereby avoid liability.  *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 594 (5th Cir. 1999).  Failure to establish this "weighs heavily against [the party seeking veil-piercing] because the alter ego doctrine is an equitable remedy which prevents a company from avoiding liability by abusing the corporate form.  We disregard the corporate fiction . . . when the corporate form has been used as part of a basically unfair device to achieve an inequitable result."  *Id.*  It is not unfair to require GMED to seek relief from the party it willingly contracted with – SGU Ltd.

### III.     THE NON-NDA DEFENDANTS LACK SUFFICIENT MINIMUM CONTACTS WITH TEXAS FOR SPECIFIC JURISDICTION

GMED's Complaint asserts no allegations concerning the non-NDA defendants' contacts with Texas period – let alone out of which its claims arose.  GMED's own Letter of Intent shows that its discussions were solely with the SGU Ltd, not the non-NDA defendants. The fact that occasional recruiting of students may have taken place in Texas is simply irrelevant, because specific jurisdiction must be premised on contacts out of which the cause of action arose. *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014).  None of GMED's causes of action concern the recruiting of Texas students.

Given the thin – indeed, non-existent – allegations concerning any minimum contacts that the non-NDA defendants had with Texas, there is no basis for delaying the inevitable (and increasing expenses) with jurisdictional discovery.[4]  GMED has failed to make "even a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

---

[4] Defendants will file a timely response to GMED's motion for jurisdictional discovery.  *See* Docket Entry No. 36.

Dated: December 16, 2015                    Respectfully submitted,

                                            By:  */s/  Charles S. Sims*
                                            PROSKAUER ROSE LLP
                                            Charles S. Sims*
                                            11 Times Square
                                            New York, NY 10036
                                            Tel: (212) 969-3950
                                            Fax: (212) 969-2900
                                            CSims@proskauer.com
                                            *Admitted *pro hac vice*

                                            NORTON ROSE FULBRIGHT US LLP
                                            Melanie B. Rother
OF COUNSEL:                                 State Bar No. 24041826
                                            Federal I.D. No. 39164
PROSKAUER ROSE LLP                          Fulbright Tower
Milton Otto*                                1301 McKinney, Suite 5100
11 Times Square                             Houston, Texas  77010-3095
New York, NY 10036                          Tel: (713) 651-5151
MOtto@proskauer.com                         Fax: (713) 651-5246
*Admitted *pro hac vice*                    melanie.rother@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP                Counsel for Defendants St. George's University,
Peter C. Tipps                              Ltd; St. George's University, LLC; St. George's
State Bar No. 24070748                      University School of Medicine, Inc. and
Federal I.D. No. 1070319                    University Support Services, LLC
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
peter.tipps@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

I certify that on December 16, 2015, a true and correct copy of the foregoing documents was filed using the Court's Electronic Filing System and that service on known Filing Users associated with this case will be accomplished via ECF.

                                            By: */s/ Melanie B. Rother*
                                            Melanie B. Rother

- 6 -