IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRADUATE MEDICAL EDUCATION DEVELOPMENT, LLC | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:15-cv-02641 |
| | § | JURY TRIAL DEMANDED |
| ST. GEORGE'S UNIVERSITY, LTD; ST. GEORGE'S UNIVERSITY, LLC; ST. GEORGE'S UNIVERSITY SCHOOL OF MEDICINE, INC, and UNIVERSITY SUPPORT SERVICES, LLC | § § § § § § § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

A conference was held on December 27, 2016. The following counsel participated in the conference:

For Plaintiff:

Chris Gadoury
State Bar No. 24034448
chris.gadoury@lanierlawfirm.com
The Lanier Law Firm
6810 Cypress Creek Parkway
Houston, TX 77069
Telephone:   713-659-5200
Facsimile:    713-659-2204

For Defendants:

Melanie Rother
State Bar No. 24041826
melanie.rother@nortonrosefulbright.com
Peter C. Tipps
State Bar No. 24070748
peter.tipps@nortonrosefulbright.com
Norton Rose Fulbright US LLP
1301 McKinney
Suite 5100
Houston, TX 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related**.

None

**3.     Briefly describe what this case is about**.

Defendant St. George's University, Ltd owns and operates the St. George's University in Grenada.[1] Plaintiff alleges that for various reasons described in its First Amended Complaint, SGU sought assistance from GMED in order to both increase enrollment at SGU and to increase residency opportunities for SGU's medical school students. To this end, Plaintiff and SGU Ltd. entered into a Non-Disclosure and Non-Circumvention Agreement. Plaintiff alleges that it provided SGU its proprietary and confidential information that would enable SGU to both increase enrollment at SGU and to increase residency opportunities for SGU's medical school students (the "Trade Secrets"). Plaintiff alleges that SGU misappropriated its Trade Secrets without compensating Plaintiff and that, as a result, SGU's enrollment and residency matches have increased significantly. In addition, Plaintiff alleges that SGU further misappropriated its Trade Secrets by providing the information to third parties in order to secure $750 million in capital from outside investors. Defendants deny these allegations.

Specifically, Defendants deny that Plaintiff provided them any protected trade secrets, or that Defendants used or misappropriated any protected trade secrets. Although the parties contemplated developing a formal business relationship, that relationship never materialized. Defendants still do not know what trade secrets Plaintiff alleges form the basis of this lawsuit.

**4.     Specify the allegation of federal jurisdiction.**

Plaintiff has alleged federal diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] All defendants are collectively referred to herein as "SGU."

**5.     Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.  Defendants, however, dispute that the Court has personal jurisdiction over St. George's University, LLC; St. George's University School of Medicine, Inc.; and University Support Services, LLC.  On October 6, 2016, the Court denied Defendants' motion to dismiss for lack of personal jurisdiction.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff may seek to add Selinus LLC as an additional party after discovery is conducted regarding its relation to the current Defendants.

**7.     List anticipated interventions.**

None anticipated.

**8.     Describe class-action issues.**

None

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agree to serve their initial disclosures by January 17, 2017.

**10.    Describe the proposed agreed discovery plan, including:**

   **a.     Responses to all the matters raised in Rule 26(f).**

Regarding the Rule 26(f) matters that are not otherwise covered by other paragraphs of this Joint Discovery/Case Management Plan, the Parties agree that discovery should be conducted in two phases: fact discovery, followed by expert discovery.

The parties are in the process of negotiating the terms of a protective order.  If the parties are unable to reach an agreement with respect to the terms of a protective order, they will bring it to the attention of this Court.

   **b.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to each defendant within the next 30 days.

    **c.**    **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving Plaintiff with interrogatories within the next 30 days.

    **d.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Currently, Plaintiff anticipates taking the following depositions:

- A corporate representative of each defendant
- Charles Modica
- Patrick Adams
- Charles Adams
- Brian Zwarych
- Stephen Weitzman
- Fred Jacobs
- Lori Lifson-Arloff
- Andrew Sheiner
- Jack Hennessy
- A corporate representative and/or individual representatives of Altas Partners LP
- A corporate representative and/or individual representatives of Baring Private Equity Asia

Plaintiff reserves the right to modify this list once it has reviewed the relevant documents in the case. Plaintiff will schedule these depositions once it has obtained and reviewed the relevant documents.

    **e.**    **Of whom and by when the defendant anticipates taking oral depositions.**

Currently, Defendants anticipate taking the following depositions:

- Plaintiff's corporate representative(s)
- Arvin Bagherpour, M.D.
- Pegah Pourasef
- Ramin Ahmadi, M.D., MPH
- Parvin Bagherpour
- Arthur Tyler, M.D.

Defendants reserve the right to modify this list once they have reviewed the relevant documents in the case. Defendants will schedule these depositions once they have obtained and reviewed the relevant documents.

    **f.**

        **(i) Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

        **(ii) Specify the date experts for defendant will be designated and their reports provided to opposing party.**

    **g.**   **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

    **h.**   **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

The Parties propose the following schedule:

**August 7, 2017**     Fact discovery ends

**August 14, 2017**     Plaintiff's expert reports due

**September 14, 2017**   Defendants' expert reports due

**September 28, 2017**   Expert discovery, including expert depositions, ends

**October 5, 2017**     Dispositive motions, Daubert motions, and all other pre-trial motions must be filed.

**February 5, 2018**   Docket call

Each party anticipates that it will depose each opposing expert witness.

**11.**   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable

**12.**   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has conducted jurisdictional discovery in connection with Defendants' motions to dismiss.

**13.     State the date the planned discovery can reasonably be completed.**

The Parties anticipate that fact discovery can be completed by August 7, 2017 and that expert discovery can be completed by September 28, 2017.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties do not believe settlement can occur until fact discovery is underway.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

Over six months ago, Defendants requested that Plaintiff provide additional information regarding its Trade Secrets. Plaintiff asserts that it has provided this information in its First Amended Complaint.

**16.     From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

The parties are willing to mediate this dispute after discovery is underway.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to a trial before a magistrate judge.

**18.     State whether a jury demand has been made and if it was made on time.**

Plaintiff made its jury demand in its Original Complaint.

**19.     Specify the number of hours it will take to present the evidence in this case.**

The Parties believe it is too early to determine how much time will be needed for trial.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to File First Amended Complaint Under Partial Seal (Doc. 79).

**21.     List other pending motions.**

None

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties are in the process of negotiating the terms of a protective order. If the parties are unable to reach an agreement with respect to the terms of a protective order, they will bring it to the attention of this Court.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff filed its Certificate of Interested Parties on September 28, 2015. Defendants filed their Certificate of Interested Parties on November 11, 2015.

**24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

For Plaintiff:

W. Mark Lanier
State Bar No. 11934600
wml@lanierlawfirm.com
Christopher L. Gadoury
State Bar No. 24034448
chris.gadoury@lanierlawfirm.com
Ryan D. Ellis
State Bar No. 24087470
ryan.ellis@lanierlawfirm.com
The Lanier Law Firm
6810 Cypress Creek Parkway
Houston, TX 77069
Telephone:   713-659-5200
Facsimile:    713-659-2204

For Defendants:

Margaret A. Dale*
mdale@proskauer.com
Alyse F. Stach*
astach@proskauer.com
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Tel: 212.969.3950
Fax: 212.969.2900
*Pro hac vice

Melanie B. Rother
melanie.rother@nortonrosefulbright.com
State Bar No. 24041826
Federal I.D. No. 39164
Peter C. Tipps
peter.tipps@nortonrosefulbright.com
State Bar No. 24070748
Federal I.D. No. 1070319
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel: 713.651.5151
Fax: 713.651.5246



/s/ Chris Gadoury                                             12/28/16
Counsel for Plaintiff(s)                                      Date


/s/ Melanie B. Rother                                         12/28/16
Counsel for Defendant(s)                                      Date